O’Connor, J.,
concurring.
{¶ 27} Because the General Assembly, in R.C. 2307.941, plainly precluded recovery from Goodyear for Mary Adams’s exposure to asbestos, I concur in the majority’s decision to affirm the judgment of the appellate court. I write separately, however, to address appellants’ argument that application of the statute leaves them without legal recourse against Goodyear.
{¶ 28} 2004 Am.Sub.H.B. No. 292 (“H.B. 292”) “[e]xtensively revised state laws governing asbestos litigation and was in response to the legislative finding that ‘[t]he current asbestos personal injury litigation system is unfair and inefficient, imposing a severe burden on litigants and taxpayers alike.’ ” Ackison v. Anchor Packing Co., 120 Ohio St.3d 228, 2008-Ohio-5243, 897 N.E.2d 1118, ¶ 3, quoting Section 3(A)(2), 150 Ohio Laws, Part III, 3970, 3988.
{¶ 29} H.B. 292 enacted R.C. 2307.91 though 2307.98. The General Assembly stated that its intent in enacting the legislation was to “(1) give priority to those asbestos claimants who can demonstrate actual physical harm or illness caused by exposure to asbestos; (2) fully preserve the rights of claimants who were exposed to asbestos to pursue compensation should those claimants become impaired in the future as a result of such exposure; (3) enhance the ability of the state’s judicial systems and federal judicial systems to supervise and control litigation and asbestos-related bankruptcy proceedings; and (4) conserve the scarce resources of the defendants to allow compensation of cancer victims and others who *516 are physically impaired by exposure to asbestos while securing the right to similar compensation for those who may suffer physical impairment in the future.” Section 3(B), 150 Ohio Laws, Part III, at 3988.
{¶ 30} -As the majority holds, R.C. 2307.941 unambiguously prohibits take-home-asbestos claimants such as Mary Adams from recovering from the owner of premises where the asbestos dust originated. Appellants contend that this application of R.C. 2307.941 slams shut the courthouse door on take-home-exposure cases against a family member’s employer, thereby violating due process protections. It is more than understandable why appellants believe that the application of the statute leads to inequitable results, but the law compels us to reject their argument for two reasons.
{¶ 31} First, appellants were not left entirely without a remedy because of R.C. 2307.941. Although the legislature barred appellants from recovering from Goodyear, H.B. 292 does not prevent them from recovering from defendants other than premises owners, including the manufacturers or suppliers of the asbestos that caused Mary Adams’s illness and death. In fact, R.C. 2307.92(D)(2) clearly contemplates take-home-asbestos-exposure claims against defendants other than the premises owners:
{¶ 32} “If a person files a tort action that alleges an asbestos claim based on a wrongful death, as described in section 2125.01 of the Revised Code, of an exposed person, alleges that the death of the exposed person was the result of living with another person who, if the tort action had been filed by the other person, would have met the requirements specified in division (D)(1)(c) of this section, and alleges that the exposed person lived with the other person for the period of time specified in division (GG) of section 2307.91 of the Revised Code in order to qualify as a substantial occupational exposure to asbestos, the exposed person is considered as having satisfied the requirements specified in division (D)(1)(c) of this section.”
{¶ 33} And Clayton and Boley took advantage of their rights to seek remedies against other defendants. Indeed, they pursued the remedies afforded them in H.B. 292 by filing a complaint that asserted multiple claims against more than 200 named defendants and 100 John Doe defendants. And according to counsel’s representations during oral argument, appellants proceeded to trial against at least one defendant, Mahoning Valley Supply Company, ultimately settling with that defendant before the conclusion of trial. Counsel further indicated that appellants have resolved and/or settled their claims against the remaining parties.
{¶ 34} Second, the proposition of law asserted by appellants asks this court to determine only whether R.C. 2307.941 applies to their claims against Goodyear, not whether the statute is legally or constitutionally sound. Because appellants did not present a facial challenge to the statute in the lower courts, this court is *517 constrained to the limited issue that is properly before us. Niskanen v. Giant Eagle, Inc., 122 Ohio St.3d 486, 2009-Ohio-3626, 912 N.E.2d 595, ¶ 34.
{¶ 35} I am not without compassion for appellants’ position that R.C. 2307.941 serves as an outright bar to their recovery from Goodyear. But this court would invade the province of the legislature and violate the separation-of-powers doctrine if we were to adopt their position. As judges, we are not to impose our views as to the best policies to address asbestos claims. Rather, we must leave it to the General Assembly to rewrite the statute if it deems it necessary. Just as appellants followed the dictates of R.C. 2307.91 through 2307.98 in pursuit of their claims against other defendants, this court must also follow the clear directive of the General Assembly with respect to the premises owner, Goodyear. Accordingly, I concur in the majority’s judgment.
Lanzinger, J., concurs in the foregoing opinion.